# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### MITCHELL H. COHEN U.S. COURTHOUSE
### 401 Market Street
### P.O. BOX 2067
### CAMDEN, NJ 08101-2067

Andrew B. Altenburg, Jr.
U.S. BANKRUPTCY JUDGE

(856) 361-2320

January 15, 2019

Mr. Robert W. Knaak
413 Pine Avenue
Egg Harbor Twp, NJ 08234

FILED

JEANNE A. NAUGHTON, CLERK

JEANNE /    JAN 1 5 2019

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
U.S. BANK...        DEPUTY
BY                CAMDEN, N.J.
DEPUTY

**RE:**    *In re Knaak*
**Bankr. No. 18-24064-ABA**
**Hearing Date: January 15, 2019**

## <u>MEMORANDUM DECISION</u>

Dear Mr. Knaak:

      This matter was originally brought before the court on the debtor, Mr. Knaak's, Motion for Reconsideration with Certification to Review the Court's Findings in the Memorandum Regarding To Convert This Case To Another Chapter In 14 Days Filed In His Main Bankruptcy Case (the "Motion"). Doc. No. 61. The Chapter 13 Trustee filed a response. Doc. No. 72. The matter has arisen because the court had pointed out in its Opinion entered December 10, 2018 (Doc. No. 13) dismissing Mr. Knaak's adversary proceeding (Adv. Proc. 18-1533-ABA the "Adversary Proceeding") that the Wells Fargo claim puts Mr. Knaak's noncontingent, liquidated, unsecured debts over the limit specified in section 109(e) of the Bankruptcy Code for Mr. Knaak to be a debtor under chapter 13. That section limits eligibility to file chapter 13 to those individuals that owe on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200. As the Motion was filed in Mr. Knaak's main case and a response was received from the Chapter 13 Trustee, the court is treating it as a motion to determine Mr. Knaak's eligibility under section 109(e) because the court is cognizant of Mr. Knaak's self-represented status. Accordingly, the court grants a certain degree of leniency. *In re Rusch*, No. BKR. 09-44799, 2010 WL 5394789, at *2 (Bankr. D.N.J. Dec. 28, 2010) (citing *Huertas v. U.S. Dept. of Education*, 2010 WL 2771767 (D.N.J. 2010)). As such, Mr. Knaak's pleadings are being liberally construed. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The court will proceed on the merits of the Motion, as opposed to narrowly focusing on procedural niceties. *Air Line Pilots Ass'n v. Continental Airlines (In re Continental Airlines)*, 125 F.3d 120, 129 (3d Cir. Del. 1997). All pleadings shall be so construed as to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This Memorandum Decision, together with record and oral opinion from the hearing on the Motion, constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

Undisputedly, Wells Fargo has filed a proof of claim for an unsecured claim on the date of the bankruptcy filing in the amount of $686,411.37. As to that claim, Mr. Knaak admits that the Knaak Family Real Estate Holdings, LLC, executed a Promissory Note on December 18, 2007 in the amount of $1,050,000. Mr. Knaak admits he and others, personally guaranteed that obligation.[1] It is undisputed that the obligation has not been paid in full and in fact, payments continue to be made thereon. While Mr. Knaak has disputed the standing of Wells Fargo to file a proof of claim (a dispute that has been dismissed by this court) and has recently theorized in a new complaint that Wells Fargo allegedly perpetrated a fraud, he has submitted no evidence that the amount set forth in Wells Fargo's proof of claim was inaccurate. The court need not credit a self-represented party's "bald assertions" or "legal conclusions." *Telfair v. Tandy*, No. CIV.A. 08-731(WJM), 2008 WL 4661697, at *3 (D.N.J. Oct. 20, 2008). And because Bankruptcy Rule 3001(f) deems an unsecured proof of claim prima facie evidence of the validity and the amount of the claim absent evidence to the contrary, Wells Fargo's proof of claim for an unsecured claim in the amount of $686,411.37 stands. Accordingly, for purposes of section 109(e) of the Bankruptcy Code, Mr. Knaak's unsecured debt exceed the eligibility limits to file chapter 13 case.

Mr. Knaak objects to this conclusion. His primary argument is that because he and the other guarantor agreed between them that each would only be liable for half the guaranteed amount, his total unsecured debt is under the limit. Doc. No. 61, ¶ 6. But this argument falters. In the attachments to his very own motion, Mr. Knaak sets forth the reason his argument is unpersuasive. The guaranty he and his wife, Sarah Knaak, signed, makes them "jointly and severally" obligated for the guaranteed obligations, namely, the $686,411.37 owed to Wells Fargo. *See* Doc. No. 61-1, Ex. D.

The United States Supreme Court has stated that "If two or more defendants jointly cause harm, each defendant is held liable for the entire amount of the harm; provided, however, that the plaintiff recover only once for the full amount." *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017). The Third Circuit Court of Appeals has also explained:

> "A liability is joint and several when 'the creditor may sue one or more of the parties to such liability separately, or all of them together, at his [or her] option.'" *United States v. Gregg*, 226 F.3d 253, 260 (3d Cir. 2000) (citation omitted). Accordingly, "an assertion of joint and several liability is an assertion that *each* defendant is liable for the entire amount, although the plaintiff only recovers the entire amount once." *Golden v. Golden,* 382 F.3d 348, 355 n. 5 (3d Cir.2004) (emphasis in original).

*S.E.C. v. J.W. Barclay & Co.*, 442 F.3d 834, 843 (3d Cir. 2006). It has been held that where an agreement imposes joint and several liability on co-obligors, suit can be brought against one obligor without joining the other. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993). Thus, "[b]ecause Appellants were held jointly and severally liable, however, each was individually responsible for the entire obligation." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). "The essence of joint and several liability is that the

---

[1] In its Memorandum Decision in connection with its Order Dismissing Adversary Proceeding the Adversary Proceeding, Doc. Nos. 13 and 14, respectively, the court thoroughly explained why Wells Fargo has standing and why it has a claim in this case. That Memorandum Decision in incorporated herein by reference.

liable party may be sued at anytime either alone for the entire judgment or jointly with a co-liable party." *The Corner Associates v. W.R. Grace & Co.-Conn.*, 173 F.3d 424 (4th Cir. 1999). Indeed, "the possibility defendants may have to shoulder the entire loss if found liable is a necessary consequence of joint and several liability." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007). *See Am. Home Mortgage Corp. v. First Am. Title Ins. Co.*, CIV.A.07-01257(JLL), 2007 WL 3349320, at *8 (D.N.J. Nov. 9, 2007) ("American Home can recover fully from First American despite the absence of other alleged tortfeasors, given the rules of joint and several liability.").

More persuasive, the definition of joint and several liability that Mr. Knaak attached to his motion similarly explains:

> "Under joint and several liability . . . , a claimant may pursue an obligation against any one party as if they were jointly liable and it becomes the responsibility of the defendants to sort out their respective proportions of liability and payment. This means that if the claimant pursues one defendant and receives payment, that defendant must then pursue the other obligors for a contribution to their share of the liability."

Doc. No. 61-1, p. 13.

In other words, Wells Fargo has a claim of $686,411.37 that it can collect in full from either Mr. Knaak or his wife. That Mr. Knaak and his wife have an agreement *between them* does not affect the amount of his individual liability to Wells Fargo. Under the Guaranty that Mr. Knaak signed, he does not have the option to pay Wells Fargo only half of the guaranteed amount and then tell Wells Fargo to collect the rest from his wife. *See Gen. Contract Purchase Corp. v. Moon Carrier Corp.*, 129 N.J.L. 431, 435 (1943) (internal citations omitted) ("The rule is that the purchaser of a negotiable instrument is unaffected by collateral agreements of which he has had no notice, and if a bill or a note makes no reference to collateral securities or agreements the purchaser is not bound to make inquiries concerning the possible existence or nature of the same."). Mr. Knaak has presented no evidence that Wells Fargo had notice of an agreement between him and his wife, if any, and there is no reference to any such agreement in the Guaranty. He did not submit any written agreement between him and his wife. *See Victory Entm't, Inc. v. Schibell*, A-3388-16T2, 2018 WL 3059696, at *9 (N.J. Super. Ct. App. Div. June 21, 2018) ("Where "two documents were separate pieces of paper but it was obvious . . . that they were interrelated parts of a single transaction," the documents are treated as a unitary contract."). Even if such an agreement did exist, it is not binding on Wells Fargo.

Accordingly, the court denies the Motion. An appropriate judgment has been entered consistent with this decision and is enclosed. Mr. Knaak has 14 days to either convert his case to chapter 7 or 11, else his case will be dismissed as he is ineligible to be a debtor under chapter 13. The court reserves the right to further supplement its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

cc:    Isabel C. Balboa, Chapter 13 Trustee